JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Guillermo Lopez

**(b)** County of Residence of First Listed Plaintiff   Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John S. Harrison and Kevin H. Conrad
Broughal & DeVito, L.L.P.
38 W. Market Street, Bethlehem, PA 18018; (610) 865-3664

## DEFENDANTS

Communities in Schools of the Lehigh Valley, Inc.

County of Residence of First Listed Defendant   Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Unknown.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
       Plaintiff

☒ 3   Federal Question
       *(U.S. Government Not a Party)*

☐ 2   U.S. Government
       Defendant

☐ 4   Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plainti*
*(For Diversity Cases Only)*                           *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
       Proceeding

☐ 2   Removed from
       State Court

☐ 3   Remanded from
       Appellate Court

☐ 4   Reinstated or
       Reopened

☐ 5   Transferred from
       Another District
       *(specify)*

☐ 6   Multidistrict
       Litigation -
       Transfer

☐ 8   Multidistrict
       Litigation -
       Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII
Brief description of cause:
Race and national origin discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $
**In excess of $150,000**

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
12/07/2018

SIGNATURE OF ATTORNEY OF RECORD

John S. Harrison, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1404 Budd Avenue, Bethlehem, PA  18018 _____

Address of Defendant: _____ 1501 Lehigh Street, Suite 206, Allentown, PA  18103-3813 _____

Place of Accident, Incident or Transaction: _____ 1501 Lehigh Street, Suite 206, Allentown, PA 18103-3813 _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/07/2018 _____ _____ 53864

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ John S. Harrison _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 12/07/2018 _____ _____ 53864

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| GUILLERMO LOPEZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| COMMUNITIES IN SCHOOLS OF THE LEHIGH | : | |
| VALLEY, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.　　　　　　　　　　　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)　　　　　　　　　　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　(x)

| | | |
|---|---|---|
| 12/07/2018 | | John S. Harrison, Esquire |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (610) 865-3664 | (610) 865-0969 | johnharrison@broughal-devito.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GUILLERMO LOPEZ, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| COMMUNITIES IN SCHOOLS OF | ) | |
| THE LEHIGH VALLEY, INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant | ) | |

## COMPLAINT

Plaintiff, Guillermo Lopez, by and through his counsel, Broughal & DeVito, L.L.P. files this Complaint against Defendant, Communities in Schools of the Lehigh Valley, Inc., and in support thereof avers the following:

### NATURE OF THE ACTION

1.     This employment-discrimination action arises, and asserts claims, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951 *et seq.* ("PHRA").

### JURISDICTION AND VENUE

2.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's federal-law Title VII claims.

3.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state-law PHRA claim because it arises from the same events as Plaintiff's federal claims.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district, and § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this district.

## PROCEDURAL PREREQUISITES

5. Plaintiff dual-filed a Charge of Discrimination, No. 530-2018-04594, which was received by the United States Equal Employment Opportunity Commission ("EEOC") on June 28, 2018.

6. The EEOC issued to Plaintiff on August 13, 2018 a Notice of Right to Sue; this action is filed within ninety (90) days of that Notice.

## FACTS

7. Plaintiff, Guillermo Lopez ("Plaintiff" and/or "Lopez"), is an adult male individual who resides at 1404 Budd Avenue, Bethlehem, Pennsylvania 18018.

8. Defendant, Communities in Schools of the Lehigh Valley, Inc. ("Defendant" and/or "CISLV") is a Pennsylvania non-profit corporation with its registered address at 1628-48 West Chew Street, Allentown, Pennsylvania 18102, and its principle place of business at 1501 Lehigh Street, Suite 206, Allentown, Pennsylvania 18103-3813.

9. Defendant employed more than fifteen (15) people at all material times.

10. Plaintiff Lopez is Hispanic and, thus, is a member of a protected class for purposes of Title VII and the PHRA, based upon his race.

11. Plaintiff is Puerto Rican and, thus, is a member of a protected class for purposes of Title VII and the PHRA based upon his national origin (Puerto Rican).

-2-

12.     Plaintiff is bi-lingual: he is fluent in English and Spanish.

## Plaintiff's Employment at CISLV

13.     Plaintiff became employed by CISLV in September 2014.

14.     Prior to becoming an employee of CISLV, Plaintiff served on the Board of Directors for CISLV.

15.     Plaintiff worked for CISLV as a Family/Parent Liaison.

16.     Plaintiff was assigned to the Easton Area School District ("EASD") and placed at Paxinosa Elementary School.

17.     Approximately three quarters (75%) of students at Paxinosa Elementary School ("Paxinosa") are members of a racial minority.

18.     A majority of the minority students at Paxinosa Elementary School are Hispanic.

## Discriminatory Treatment and Internal Complaint of Discrimination by Plaintiff Against Supervisor

19.     Plaintiff's direct supervisor was Jessica Baker, Director of Northampton County Operations for Defendant CISLV.

20.     Ms. Baker is Caucasian.

21.     The executive leadership at Defendant CISLV was entirely Caucasian during Plaintiff's employment at CISLV.

22.     Ms. Baker treated Plaintiff differently and less favorably than other non-Hispanic and/or non-Puerto Rican employees under her supervision.

23.     Ms. Baker discriminated against and treated Plaintiff more harshly than other non-Hispanic and/or non-Puerto Rican employees by, among other things:

    a.  Assigning Plaintiff to work at Paxinosa because he was Puerto Rican;

    b.  Assigning Plaintiff to an office and desk at Paxinosa because he was Puerto Rican;

    c.  Purposefully embarrassing Plaintiff in front of others in the workplace by questioning him about matters that did not relate to Plaintiff (or his work), but did pertain to the others, in order to make him appear uninformed;

    d.  Falsely accusing Plaintiff of not working during work hours; and

    e.  Requiring Plaintiff to email her every time that he came and went from his office.

24.    Upon information and belief, Ms. Baker did not make non-Hispanic and/or non-Puerto Rican employees work at a particular school because of their race; perform irrelevant tasks; e-mail her every time they arrived and left their offices; nor did she falsely accuse them of not working during work hours.

25.    In the Fall of 2016, Plaintiff complained about Ms. Baker's discriminatory conduct to CISLV's Executive Vice President of Finance and Operations ("EVP"), Michael McCrosstin (hereinafter, the "Discrimination Complaint") who is Caucasian.

26.    The day after he made the Discrimination Complaint to EVP McCrosstin, Plaintiff was accosted by Ms. Baker about his Discrimination Complaint.

27.    After accosting him in Fall 2016, Ms. Baker negatively changed her behavior toward Plaintiff by stopping virtually all in-person communication with

him, limiting telephone conversations to work matters, and treating him as though he was an outcast.

28.     Ms. Baker's behavior toward Plaintiff after she accosted him about his Discrimination Complaint was less favorable than her treatment of non-Hispanic and/non-Puerto Rican employees. For example, she would communicate with Caucasian employees in person and would talk pleasantly about personal non-work matters.

### Plaintiff's Job Performance and Promised Position

29.     Notwithstanding Ms. Baker's treatment of Plaintiff, Plaintiff performed his job duties well at all times during his employment at Defendant CISLV.

30.     During 2017, in particular, Plaintiff received favorable recognition from EASD staff regarding his work and efforts.

31.     Additionally, during 2017, the Chief Executive Officer of Defendant CISLV, Timothy Mulligan, communicated with Plaintiff about Plaintiff taking a position within CISLV where he would serve as a cultural competency/anti-discrimination trainer/advisor across the entire CISLV organization (the "Training Position").

32.     In retaliation for the Discrimination Complaint and because he is Puerto Rican, Ms. Baker refused to advance Plaintiff into the Training Position.

### Discriminatory Treatment, Discipline, and Termination of Employment

33.     Plaintiff took pre-approved leave to travel to Puerto Rico in October 2017 to provide volunteer aid in the aftermath of Hurricane Maria.

34.     Following his volunteer trip to Puerto Rico, Plaintiff was disciplined and required to take "contemplation leave" in November 2017 for transporting a Paxinosa student and family, who missed the bus, to school in his car. The family had no other means to get the student to school.

35.     Defendant's management informed employees in comparable positions to Plaintiff that they should be creative with transportation challenges and—upon information and belief—did not discipline white employees who transported school children in their cars.

36.     Ms. Baker, who is Caucasian and not Puerto Rican, transported families for CISLV business before she became a supervisor.

37.     The only other Hispanic employee of Defendant CISLV who was in a comparable staff position was also disciplined for transporting a student in his car.

38.     Upon information and belief, other non-Hispanic and/or non-Puerto Rican employees of Defendant transport students and/or parents in personal vehicles in connection with their work for Defendant and are not disciplined for doing so.

39.     On or about January 20, 2018, Plaintiff established a GoFundMe.com fundraising page for a model-car program for fifth graders at Paxinosa ("Model Car Program") that Plaintiff was attempting to establish and build up, and for which he needed funding.

40.     Ms. Baker was aware of the Model Car Program from its inception in September 2017, when Plaintiff discussed the proposed program with her, as his direct supervisor.

41.     Ms. Baker stated to Plaintiff that EVP McCrosstin would never fund the proposed program.

42.     In response, Plaintiff told Ms. Baker that he would find the money; Ms. Baker never told Plaintiff that he could not fund the Model Car Program by fundraising.

43.     Plaintiff set up the online fundraising page on or about January 20, 2018.

44.     The online fundraising page was active for one (1) weekend.

45.     Ms. Baker instructed Plaintiff to take down the fundraising page on or about January 22, 2018.

46.     Plaintiff complied with Ms. Baker's instruction.

47.     Before setting up the Model Car Program and Go Fund Me page, neither Defendant CISLV, nor Ms. Baker in particular, told him he was not allowed to do so, or that CISLV policy prohibited it.

48.     Plaintiff was disciplined and placed on administrative leave on January 23, 2018 and accused of taking money from the fundraising page for his own personal use—that allegation was false and Plaintiff denied the allegation when it was made.

49.     While on the January disciplinary leave, Plaintiff complained to EVP McCrosstin that he was subjected to a hostile work environment.

50.     Upon information and belief, Defendant CISLV hired a Caucasian, non-Hispanic, non-Puerto Rican individual to work at Paxinosa approximately one (1) week after placing Plaintiff on disciplinary administrative leave.

51.     Defendant CISLV did not return Plaintiff to work from disciplinary administrative leave.

52.     On or about March 6, 2018, Plaintiff was called into a meeting with EVP McCrosstin.

53.     During that meeting, Mr. McCrosstin told Plaintiff that his employment was terminated.

54.     Defendant did not tell Plaintiff why he was fired during the termination meeting.

55.     After his termination and in response to his application for unemployment compensation benefits, Defendant falsely and pretextually stated that Plaintiff was terminated for "Disruptive Influence—violation of standards of conduct."

56.     An unemployment hearing was held on March 10, 2018, which Respondent failed to attend despite notice and its contesting Plaintiff's application for unemployment benefits.

## COUNT I
## VIOLATION OF TITLE VII

57.     Plaintiff incorporates herein by reference all foregoing paragraphs as though the same were set forth at length.

-8-

58.     Plaintiff is a member of a protected class based upon his race (Hispanic) and national origin (Puerto Rican).

59.     Plaintiff was qualified for his position with Defendant.

60.     Plaintiff engaged in statutorily-protected conduct by raising internal complaints of discrimination based on his race and national origin.

61.     Plaintiff suffered adverse employment actions caused by Defendant.

62.     Defendant engaged in additional post-termination discriminatory and retaliatory conduct by contesting Plaintiff's application for unemployment compensation benefits with a false reason for his termination.

63.     Defendant violated Plaintiff's rights under Title VII by subjecting him to discriminatory treatment and discipline because of his race and national origin, and by subjecting him to retaliation for raising the Discrimination Complaint against his supervisor.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant with an award as follows: back pay, in an amount to be determined at trial; front pay, in an amount to be determined at trial; compensatory damages for Plaintiff's non-economic damages including, but not limited to, pain and suffering, emotional distress and damage to his professional reputation, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney fees and costs; and any other relief this Honorable Court deems necessary and just.

## COUNT II
## VIOLATION OF PHRA

64.     Plaintiff incorporates herein by reference all foregoing paragraphs as though the same were set forth at length.

65.     Defendant CISLV violated Plaintiff's rights under the PHRA by subjecting him to discriminatory treatment and discipline because of his race and national origin, and by subjecting him to retaliation for raising the Discrimination Complaint against his supervisor.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an award as follows:  back pay, in an amount to be determined at trial; front pay, in an amount to be determined at trial; compensatory damages for Plaintiff's non-economic damages including, but not limited to, pain and suffering, emotional distress and damage to his professional reputation, in an amount to be determined at trial attorney fees and costs; and any other relief this Honorable Court deems just and proper.

## JURY TRIAL DEMAND

66.    Plaintiff requests a trial by jury on all claims and issues so triable.

BROUGHAL & DEVITO, L.L.P.

Date:  December 7, 2018              By:    _____

**John S. Harrison, Esquire**
Attorney I.D. #53864
**Kevin H. Conrad, Esquire**
Attorney I.D. #312209
38 W. Market Street
Bethlehem, PA  18018
Telephone No.:  (610) 865-3664
Facsimile No.:  (610) 865-0969
johnharrison@broughal-devito.com
kevinconrad@broughal-devito.com
*Counsel for Plaintiff*